UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARY COMELLA,

    Plaintiff,

v.

THE GRANGER GROUP,
GARY GRANGER and RANDY
KLINE, Individually and
Personally,

    Defendants.

Hon.

Case No. 1:18-cv-1407

---

Katherine Smith Kennedy (P54881)
Pinsky, Smith, Fayette & Kennedy, LLP
Attorneys for Plaintiff
1515 McKay Tower
146 Monroe Center Street NW
Grand Rapids, MI 49503
(616) 451-8496

---

# COMPLAINT AND JURY DEMAND

## COMPLAINT

NOW COMES PLAINTIFF, Mary Comella, by and through her attorneys, Pinsky, Smith Fayette & Kennedy, LLP and for her Complaint against the above-named Defendants hereby states as follows:

A. <u>Nature of Proceedings</u>

1. Plaintiff was an employee of The Granger Group. Defendant Gary Granger was the Chief Executive Officer and partial owner of the company and Defendant Randy Kline was the Controller of the company and Plaintiff's direct supervisor for most of the relevant time.

2. Plaintiff brings this action to recover unpaid wages, overtime compensation, liquidated damages, and attorney's fees and costs under §16(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §216(b) referred to hereinafter as "the Act" or "FLSA."

B. <u>General and Jurisdictional Allegations</u>

3. Plaintiff is a resident of the Western District of Michigan.

4. Defendant Granger Group is a company incorporated in the State of Michigan that does business in the Western District of Michigan.

5. Defendants Gary Granger and Randy Kline are residents of the Western District of Michigan and as decision-makers, were at all relevant times "employers" within the meaning of 29 USC §203 (d) and (e).

6. Jurisdiction of the Federal cause of action is based on §16 (b) of the Act (29 USC §216(b)) and 28 USC §1337.

7. Venue is proper within this judicial district under 28 USC §1391(b) and §1392(a).

8.      Plaintiff was an employee of all Defendants from October 2016 through March 2018.

9.      The Defendants employing Plaintiff Comella are subject to the FLSA as The Granger Group did business in interstate commerce with annual gross revenue exceeding $500,000.

### C.     Common Allegations

10.     Plaintiff worked for The Granger Group in Wyoming, Michigan. Her duties were keeping the books, low-level accounting and clerical work. She did not manage or supervise anyone. Her primary duties were reconciliating expense reports and credit cards, putting together construction draws, worked on financial statements that were subject to approval, and pulled information for upper management for audits and the like.   Though Ms. Comella's title was "Senior Accounting Manager," and she had the experience, education and skills to perform higher level accounting work, she did not perform such duties at The Granger Group.

11.     Plaintiff worked many hours over 40 in a work week yet was not compensated for those hours and not at the over-time rate of one and one-half times her hourly rate.

12.     Defendants did not keep accurate records of the hours Plaintiff worked or traveled on behalf of the company in violation of the FLSA.   Plaintiff did keep

track of all of her hours, including overtime hours, and estimates that she worked over 320 overtime hours in which she was not compensated.

## COUNT I.   FLSA VIOLATIONS

13. During Plaintiff's employment, Defendants employed Plaintiff in commerce for many work weeks longer than 40 hours.   Defendants have failed and refused to compensate Plaintiff for such work and failed to pay her at the required rate of one and one-half times the regular rate. These acts are contrary to the provisions of §7(a) of the Act (29 USC §207 (a).

21. Plaintiff estimates that the sum of back wages due is over $12,000.

22. Defendants' failure to pay Plaintiff's wages and overtime compensation was willful within the meaning of §55(a) of the Act (29 U.S.C. §255(a)) and not in good faith nor made on a reasonable basis within the meaning of §11 of the Portal to Portal Pay Act (29 USC §260). Plaintiff is therefore entitled to liquidated (double) damages under §16(b) of the Act (29 USC §216(b)) as well as a third-year back in damages.

## RELIEF

WHEREFORE, Plaintiff requests:

a. Judgment against Defendants in the amount due for overtime wages, lost wages, other economic and non-economic loss and liquidated damages;

b. Award to Plaintiff for costs and reasonable attorney's fees;

c. Any and all exemplary and punitive damages available.

WHEREFORE, Plaintiff requests judgment in her favor in whatever amount she is found to be entitled and an award of such other relief as the Court deems appropriate, including interest from the date of the Complaint, attorney's fees, and costs.

                                        PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                        Attorneys for Plaintiff

Dated: December 19, 2018    By */s/ Katherine Smith Kennedy*
                                           Katherine Smith Kennedy (P-54881)
                                           146 Monroe Center St NW, Suite 1515
                                           Grand Rapids, MI   49503
                                           (616) 451-8496

## JURY DEMAND

Plaintiff, Mary Comella, by and through her attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, hereby requests trial by jury.

                                        PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                        Attorneys for Plaintiff

Dated: December 19, 2018    By */s/ Katherine Smith Kennedy*
                                           Katherine Smith Kennedy (P-54881)
                                           146 Monroe Center St NW, Suite 1515
                                           Grand Rapids, MI   49503
                                           (616) 451-8496